[No. A057906. First Dist., Div. Four. Mar. 10, 1993.]

In re RONALD V., a Person Coming Under the Juvenile Court Law.
FLORENCE H., Plaintiff and Appellant, v.
CONTRA COSTA COUNTY DEPARTMENT OF SOCIAL SERVICES,
Defendant and Respondent.

**COUNSEL**

Robert Navarro for Plaintiff and Appellant.

Victor J. Westman, County Counsel, and Valerie J. Ranche, Deputy County Counsel, for Defendant and Respondent.

**OPINION**

**POCHÉ, Acting P. J.**—Florence H., the natural mother of Ronald V., appeals from an order denying her request for a modification because of

changed circumstances (Welf. & Inst. Code, § 388)[1] of an order terminating her parental rights which issued at the conclusion of a permanency planning hearing (§ 366.26).

The issue before us is a very simple one. May a parent whose rights have been terminated subsequently seek to attack that order by filing a motion in the juvenile court under section 388 to modify the order based upon changed circumstances? We conclude that the juvenile court is without jurisdiction to hear such a motion.

The factual circumstances of this case are briefly these. Ronald V. who was born September 22, 1983, was apparently the victim of sexual abuse committed by a boyfriend of his mother. By a petition filed in December 1988 the county sought to make him a dependent of the court. Reunification services with the parents were terminated at the 12-month review hearing.

In February 1990 Ronald was placed in the foster home of Richard Smith, a man in his early 60's who was a former boyfriend of Florence H., and who had continued to express an interest in, and maintain contact, with Ronald. In anticipation that her rights would be terminated, Florence H. and Mr. Smith apparently came to an agreement that Mr. Smith would seek to adopt Ronald, but that his adoption of the boy would not preclude continuing contact with, or visits by, Florence H. At the section 366.26 hearing held on October 4, 1990, parental rights were terminated on a finding that it was likely Ronald would be adopted. No appeal was taken from that order. In mid-October of 1991 Ronald was removed from the home of Mr. Smith. Approximately two weeks later Mr. Smith died, without having adopted Ronald.

In January 1992 Florence H. petitioned the juvenile court under section 388 to modify its order for a permanency plan of adoption to one of long-term foster care or guardianship, to grant her status as a de facto parent and permit her visitation with the minor. Her petition alleged that she had acquiesced in the termination of her parental rights on the understanding that Mr. Smith would adopt Ronald and permit her continuing contact with the boy. She argued that the changed circumstance of Mr. Smith's death warranted a modification of the section 366.26 hearing order.

The juvenile court heard the motion (See Cal. Rules of Court, rule 1432) and denied it. Florence H. appeals from that order.

### DISCUSSION

 The initial question is whether the juvenile court had jurisdiction to modify its order terminating Florence H.'s parental rights. Section 366.26,

---

[1]Unless otherwise noted, all subsequent references are to the Welfare and Institutions Code.

subdivision (h) provides in pertinent part "Any order of the court permanently terminating parental rights under this section shall be conclusive and binding upon the minor person, upon the parent or parents. . . . *After making such an order, the court shall have no power to set aside, change, or modify it, but nothing in this section shall be construed to limit the right to appeal the order.*" (Italics added.) Florence H. did not appeal from the order terminating her rights.

"Any parent or other person having an interest in a child who is a dependent child of the juvenile court . . . may, upon grounds of change of circumstance or new evidence, petition the court in the same action in which the child was found to be a dependent child of the juvenile court for a hearing to change, modify, or set aside any order of court previously made. . . ." (§ 388.) Typically section 388 motions are made *before* the permanency planning hearing, but nothing in section 388 precludes what occurred here—that is, a motion made after the section 366.26 hearing had terminated parental rights.

Section 366.26 permits a court to make adoption planning the permanent placement goal, to appoint a legal guardian, or to order long-term foster care, without terminating parental rights. (§ 366.26, subd. (b)(2), (3) and (4).) Parental rights may be terminated only if the court finds by "clear and convincing evidence that it is likely that the minor will be adopted." (§ 366.26, subd. (c)(1).) Nonetheless termination is not proper if the court finds it would be detrimental to the child because the parent has maintained regular visitation and contact and the child would benefit from continuing the relationship. (§ 366.26, subd. (c)(1)(A).) Thus, at the time the court terminated Florence H.'s parental rights it found she had not maintained such a relationship.

Having failed to appeal from the termination order, Florence H.'s petition to modify the permanency planning order was in substance a collateral attack on the termination of her parental rights. She was asking the court to give her *de facto parent status and visitation rights, in addition to changing the* plan for Ronald from adoption to long-term foster care or guardianship. She was, in short, asking the juvenile court to do what it no longer had the jurisdiction to do—namely to undo the termination of her parental rights and reinstate her now as a de facto parent to Ronald. Subdivision (h) of section 366.26 specifically states that once the termination order issues the court has "no power" to "modify it." The lower court had no jurisdiction to hear the section 388 motion, because in this instance the motion was nothing more than a collateral attack, made after the time to appeal had elapsed, on the order terminating parental rights.

## Disposition

 The juvenile court lacked jurisdiction to hear Florence H.'s petition for modification; therefore its order is void.[2] Respondent department of social services is the prevailing party, but in the interests of justice shall bear its own costs on appeal.

Perley, J., and Reardon, J., concurred.

A petition for a rehearing was denied April 1, 1993, and appellant's petition for review by the Supreme Court was denied May 19, 1993.

---

[2]The order of which Florence H. complains is appealable as an order after judgment. (§ 395.) Therefore, even though we find the order to be void we do not dismiss the appeal. (*Conservatorship of Romo* (1987) 190 Cal.App.3d 279, 283 [235 Cal.Rptr. 377].)